UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-23503-RAR

TERRY PRYOR,

      Plaintiff,

v.

SERGEANT M. GONZALES,

      Defendant.

_____/

## ORDER TO AMEND

**THIS CAUSE** comes before the Court on Plaintiff Terry Pryor's *pro se* Amended Complaint for Violation of Civil Rights, [ECF No. 8].  Plaintiff, a state prisoner, alleges that Defendant Sergeant M. Gonzales "violated [his] Eighth Amendment right in failing to provide . . . safe working condition[s]" while he was housed at the South Florida Reception Center in Doral, Florida.  *Id.* at 3.  As a result of Defendant's "deliberate indifference," Plaintiff was "seriously injur[ed] for life" and seeks $25,000 in damages for his "pain [and] suffering[.]"  *Id.* at 4–5.  After careful review, the Court finds that Plaintiff's Amended Complaint must be **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.  However, Plaintiff will be afforded one opportunity to correct his pleading deficiencies in a second amended complaint.

## BACKGROUND

Plaintiff purports to bring his Amended Complaint under 42 U.S.C. § 1983.  *See generally* Am. Compl.  His allegations are as follows.  Plaintiff was housed at the South Florida Reception Center ("SFRC") in Doral, Florida, and "was assigned . . . to wash vehicles for the employee's

club there[.]"  *Id.* at 6, ¶ 3.  Defendant Sergeant M. Gonzalez "was assigned as [Plaintiff's] supervisor . . . for the car wash project[.]"  *Id.* at 7, ¶ 5.

Plaintiff informed Defendant "that caution or work area signs" were required to notify drivers when inmates were working.  *Id.* ¶ 7.  However, despite knowing "that Plaintiff's work area was unsafe[,]" *id.*, "[a]t no time" did Defendant "take measures to place caution or warning signs in the parking lot[,]" *id.* ¶ 6; *see also id.* at 8, ¶ 8 ("Sgt. M. Gonzales did not respond reasonably afte[r] Plaintiff informed him on numerous ocassion [sic] that the car wash area was dangerous and need[ed] caution signs or  . . . other extreme measures to protect Plaintiff.  Sgt. Gonzales did not make a good faith effort to investigate my complaint or fix[ ] it." (cleaned up)).

On September 12, 2024, Plaintiff was "assigned as a[n] Inmate Car Wash Attendant[.]"  *Id.* at 6, ¶ 4.  "[B]etween the hours of 9:30 [A.M.] and 10:00 A.M.[,]" a driver in a "Silver Nissan Altima . . . carelessly, recklessly[,] and negligently drove thr[ough] the parking lot . . . . at a high speed[.]"  *Id.* (cleaned up).  According to Plaintiff, the driver "caus[ed] the waterholes to hook the front bottom port below the vehicle['s] front bumper[,]" which "dragg[ed] the waterhole across the parking lot[.]"  *Id.* at 7, ¶ 4 (cleaned up).  Then, it "entangled both [of his] legs, flipping [Plaintiff] in the air," who "land[ed] on [his] head and back[.]"  *Id.* (cleaned up).  Plaintiff suffered from "serious injuries . . . requiring immediate medical care[.]"  *Id.*

"After the accident, [Defendant] took pictures of the area" where it occurred, and he represented to Plaintiff and another official that he would "file a report[.]"  *Id.* at 8, ¶ 9; *see also id.* ¶ 10.  However, Defendant never updated Plaintiff on what actions were taken to resolve the accident.  *See id.* ¶ 11.  Plaintiff's resulting injuries—for which he seeks compensatory and punitive damages—include "swelling of [his] right elbow"; "cronic [sic] headaches"; "emotional stress"; "limited use of [his] left hand"; "psychological damage"; and a diminished ability to "fully perform [his] daily activities[.]"  *Id.* at 5 (cleaned up).

## **LEGAL STANDARDS**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis* ("IFP"). 28 U.S.C. §§ 1915A(a), 1915(e)(2); *Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017) ("[D]istrict courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike." (alteration added; citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999))). During this initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Further, complaints must substantially follow either the form appended to the Federal Rules of Civil Procedure, a form prescribed by a local district court rule, or a form provided by the court. *See* FED. R. CIV. P. 2.

"A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017); *see also Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations."). However, while Plaintiff is proceeding *pro se*, he must nevertheless comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (concluding that a *pro se* litigant is subject to a court's rules and to the Federal Rules of Civil Procedure); *McLeod v. Sec'y, Fla. Dep't of Corr.*, 679 F. App'x 840, 843 (11th Cir. 2017) (affirming dismissal after *pro se* litigant's noncompliance with court orders); *see also* S.D. FLA. L.R. 1.1 (explaining the Local Rules apply in all proceedings unless otherwise indicated and that the word "counsel" shall apply to a party that is proceeding *pro se*).

When plaintiffs fail to set forth a legally sufficient claim for relief, either because the complaint lacks sufficient factual support or because the complaint fails to comport with local

rules, the pleading's usefulness is substantially diminished.  Still, *pro se* litigants should ordinarily be afforded an opportunity to amend.  *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) (noting that where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, the movant is entitled to an opportunity to amend).  Moreover, the Court does not act as a researcher or investigator on a plaintiff's behalf.  *See Fils v. City of Aventura*, 647 F.3d 1272, 1285 (11th Cir. 2011) (explaining courts may not act as a litigant's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation).  Put simply, this Court does not serve as a litigant's attorney, and any amendment subsumes previous allegations.  *See GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  And failure to adhere to procedural rules or court orders, of course, provides grounds for dismissal.  *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) (explaining that dismissal of the action may be severe but warranted when the grounds for dismissal were previously notified).

## ANALYSIS

With the foregoing standards in mind, the Court turns to the Amended Complaint. Plaintiff's claim of harmful prison conditions arises under the Eighth Amendment.  *See, e.g.*, *Radford v. Rabon*, No. CV-15-00396, 2016 WL 3645118, at *3 (S.D. Ala. May 26, 2016) (The Court construes Plaintiff's claim as one for being subjected to an unsafe work environment through officials' deliberate indifference to his health and safety. This type of claim is for a violation of the Eighth Amendment." (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."))), *report and recommendation adopted*, 2016 WL 3637084 (S.D. Ala. June 30, 2016).

### I.     Deliberate Indifference

Under the Eighth Amendment, prison officials must generally "ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . take reasonable measures to guarantee the safety of the inmates[.]'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation marks and citations omitted).  The law is abundantly clear, however, that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).  Indeed, "routine discomfort is part of the penalty that criminal offenders pay for their offenses against society[.]"  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and internal quotation marks omitted).  Only those deprivations "denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.*

An allegation of unconstitutional prison conditions must satisfy an objective and subjective component.  "Under the objective component, a prisoner must allege a prison condition that is so extreme that it poses an unreasonable risk of serious damage to the prisoner's health or safety." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).  As for the subjective prong, "the prisoner must allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." *Id.*  To this end, the plaintiff must demonstrate that the defendant acted with "subjective recklessness as used in the criminal law," which means that "the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff[.]" *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024).  A defendant, however, "cannot be found liable . . . if he responded reasonably to the risk." *Id.* (cleaned up).

When it comes to prison workplace safety, precedent within the Eleventh Circuit is relatively undeveloped.  Nevertheless, "[p]rison work assignments are considered conditions of confinement subject to scrutiny under the Eighth Amendment." *Gilkerson v. Worthey*, No. 07-CV-25, 2008 WL 4194812, at *3 (N.D. Fla. Sept. 10, 2008) (citations omitted).  And courts

generally agree that officials act deliberately indifferent "when they 'knowingly compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful.'" *Smalls v. Berrios*, No. 06-CV-96, 2007 WL 1827465, at *7 (N.D. Fla. June 25, 2007) (quoting *Ray v. Mabry*, 556 F.2d 881, 882 (8th Cir. 1977); citing *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Jackson v. Caine*, 864 F.2d 1235, 1246 (5th Cir. 1989); *Franklin v. Kansas Dep't of Corrs.*, 160 F. App'x 730, 736 (10th Cir. 2005)).

Notably, "the mere failure to provide proper instructions or safety devices for use on prison work details does not constitute deliberate indifference." *Smalls*, 2007 WL 1827465, at *7 (citations omitted); *accord Sutton v. Georgia Corr. Indus.*, No. 10-CV-62, 2011 WL 13176247, at *7 (M.D. Ga. Mar. 10, 2011) ("[A] defendant's negligence or even gross negligence in assigning an inmate to prison work detail and/or failing to provide safety training and instructions will never satisfy the deliberate indifference standard, given that some sort of <u>conscious disregard</u> of a serious and imminent risk of harm is required to trigger Eighth Amendment protection." (cleaned up)), *aff'd*, 436 F. App'x 952 (11th Cir. 2011); *cf. Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000) ("[F]ailure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence.").

Rather, deliberate indifference has been found where officials knowingly force prisoners "to perform work that involves an <u>imminent threat of serious physical harm</u> posing a danger to the prisoner's life or health[.]" *Id.* at *8 (emphasis added; citations omitted). In such cases, the plaintiff "must demonstrate that the officer had knowledge of the unsafe conditions, and knowingly or recklessly declined to take actions that would have improved the conditions." *McNerney v. Hall Cnty. Bd. of Comm'rs*, No. 09-CV-00038, 2010 WL 883756, at *2 (N.D. Ga. Mar. 5, 2010) (citations omitted). Further, "[e]ven if an injury can be attributed to an official's policy or conduct, the prisoner-plaintiff still must demonstrate that the risk of harm was 'substantial,' not just

possible." *Dombrowski v. Wilson*, No. 21-CV-1199, 2024 WL 5317377, at *6 (M.D. Fla. Oct. 17, 2024) (citation omitted).

## II.    Plaintiff Fails to State a Claim of Deliberate Indifference

Plaintiff struggles to satisfy both prongs of the deliberate indifference test and has thus failed to state a constitutional deprivation.  At the outset, it is unclear whether Plaintiff faced a substantial risk of serious harm.  He alleges that he was assigned to work in a parking lot without warning signs—exposing him to a risk of collision—and that, as a result of a crash, he suffered "serious injuries" that required "immediate medical care."  Am. Compl. at 7, ¶ 4.  The Court is unpersuaded that working in a busy parking lot, even without signage, presented a substantial risk of serious harm, particularly where nothing suggests that Plaintiff could not navigate the area safely himself.  *Cf., e.g.*, *Holmes v. Hamilton*, No. 23-2816, 2024 WL 2789714, at *1 (7th Cir. May 31, 2024) (finding that "[r]equiring prisoners to use stairs, even when wet, typically does not violate their Eighth Amendment rights, because prisoners can ordinarily manage the dangers of stairs" (emphasis added)).  For instance, Plaintiff does not allege recurrent speeding by drivers, uneven or irregular pavements, unsecured or unsafe equipment, or any other external condition which rendered unmanageable the risk of a car accident.  *See White v. Lopez*, No. 24-CV-869, 2025 WL 1734696, at *1 (N.D. Ind. June 23, 2025).  Without substantially more facts, Plaintiff has hardly demonstrated how working in the parking lot created an objective, imminent threat of serious physical harm.

Even if Plaintiff satisfies the objective prong, he has not established that Defendant acted with subjective criminal recklessness.  Plaintiff's core claim is that Defendant acted deliberately indifferent by not placing "caution or warning signs in the parking lot" despite being informed that "Plaintiff's work area was unsafe."  Am. Compl. at 7, ¶¶ 6–7.  But courts agree that this kind of inaction categorically reflects, at most, an "ordinary lack of due care for [a] prisoner's interest or

safety," which does not violate the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see, e.g.*, *Stephens v. Johnson*, 83 F.3d 198, 201 (8th Cir. 1996) ("Simply failing to provide inmates who move furniture with steel-toed boots, protective eyewear, and hard hats, for example, does not establish a constitutional violation any more than failing to install a safety device on a saw despite knowledge of prior injuries." (citation omitted)); *cf. Arnold v. S.C. Dep't of Corr.*, 843 F. Supp. 110, 113–14 (D.S.C. 1994) (stating that "extend[ing] civil liability under the constitutional proscription against cruel and unusual punishment to improperly functioning kitchen equipment . . . . would give constitutional recognition to run-of-the-mill negligence actions" (cleaned up)).

In any event, by neglecting to plead facts regarding the existence, frequency, or gravity of prior incidents, Plaintiff falls short of showing that Defendant was subjectively aware that his own inaction created a substantial risk of harm, or that any risk of harm was obvious. *Compare* Am. Compl. at 3–15 (presenting no facts on whether drivers frequently collided with inmates working in the lot or the extent of those inmates' injuries, to support an inference of subjective knowledge), *and Harris v. Aramark Inc.*, No. 17-CV-872, 2020 WL 229982, at *11 (S.D. Ohio Jan. 15, 2020) (finding the plaintiff could not establish deliberate indifference where he failed to allege that prison employees "forced Plaintiff to work knowing that doing so presented an <u>excessive</u> risk to Plaintiff or that Plaintiff or another inmate <u>had previously been burned</u> by the chemical and should have received instructions prior to its use" (emphases added)), *report and recommendation adopted*, 2020 WL 995044 (S.D. Ohio Mar. 2, 2020), *with Negrin v. King*, No. 5:21-CV-269, 2022 WL 1008213, at *4 (M.D. Ga. Apr. 4, 2022) (permitting plaintiff's deliberate indifference claim to proceed where his allegations suggested that defendants "knew that the recreation yard was unreasonably dangerous, given their relative positions of authority and the <u>alleged frequency and severity of the injuries</u> suffered by the inmates" (emphasis added; citation omitted)).  For these

reasons, Plaintiff has failed to state a claim of deliberate indifference against Defendant Sergeant Gonzales.[1]

### CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      Consistent with the purpose of FED. R. CIV. P. 8, Plaintiff is granted leave to file a Second Amended Complaint **not to exceed twenty (20) pages** in length.  Moreover, the Court encourages Plaintiff to make every effort to keep his allegations within the four corners of the complaint form and to keep attached additional pages at a minimum to better adhere to the page limitations set by this Order.  If applicable, the Second Amended Complaint must contain a separate paragraph as to each Defendant explaining what that Defendant did and the supporting facts to show why that person or entity is being sued.  The Clerk is **INSTRUCTED** to provide Plaintiff with the Court's form titled "Complaint for Violation of Civil Rights (Prisoner)."

2.      On or before **November 10, 2025**, the Second Amended Complaint must be docketed, signed under the penalty of perjury, and contain a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment.  Plaintiff is reminded that the Second Amended Complaint must cure all the deficiencies identified within this Order; it must be completed on the provided form, include a complete list of his prior litigation history, and provide all aliases by which he has been known.  The Court will only consider claims raised in the

---

[1] Plaintiff separately accuses Defendant of "failing to report" his incident and "attempt[ing] to cover up a crime."  Am. Compl. at 11.  It is unclear whether Plaintiff intends to advance this claim as a separate cause of action.  Even if so, he has not identified the denial of a constitutional right as a result of Defendant's alleged post-incident conduct.  *See, e.g.*, *Blackshear v. Smith*, No. 20-CV-00031, 2020 WL 5870206, at *3 (M.D. Ga. Sept. 8, 2020) ("Plaintiff contends that these Defendants failed to properly investigate, report, and prosecute the attack in order to conceal its occurrence. [ ] Plaintiff, however, fails to explain which constitutional rights were infringed by these alleged actions."), *report and recommendation adopted*, 2021 WL 11728166 (M.D. Ga. Jan. 29, 2021).

Second Amended Complaint, which will be the operative document for the remainder of this action.

3.      Plaintiff must label his corrected pleading as "Second Amended Complaint," and must show the case number referenced above, so that it will be filed in this case.

4.      Plaintiff is warned that failure to file the Second Amended Complaint on time and in compliance with this Court's Orders shall result in dismissal of this case for failure to prosecute or failure to comply with court orders.  *See* FED. R. CIV. P. 41(b).

5.      This case shall remain **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 9th day of October, 2025.

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:     Terry Pryor
        183085
        Avon Park Correctional Institution
        Inmate Mail/Parcels
        8100 Highway 64 East
        Avon Park, FL 33825
        PRO SE